USA, Appellee,

v.

**ZEDNER, Defendant–Appellant.**

**No. 07–0149–cr.**

United States Court of Appeals, Second Circuit.

Jan. 28, 2009.

Present: AMALYA L. KEARSE, ROSEMARY S. POOLER, Circuit Judges, and DENISE COTE, District Judge.*

PETITION FOR REHEARING

PER CURIAM:

Defendant Jacob Zedner, who remains in Israel, has petitioned through his appellate counsel Edward S. Zas for rehearing in this matter, stating that "the panel majority, based on counsel's misunderstanding at oral argument, misapprehended an important fact." (Petition for Panel Rehearing at 6.) For the following reasons, the petition is denied.

Zedner asserts that this Court erred in stating that he purchased only a one-way ticket to Israel, a statement that was based on the following colloquy at oral argument:

> THE COURT: So [Zedner] asked for permission to go to Israel, he was given permission to go for ... two weeks—
>
> ....
>
> THE COURT: ... and he bought a one-way ticket.
>
> MR. ZAS: That's my understanding, yes.
>
> THE COURT: And couldn't afford to buy a ticket back.
>
> MR. ZAS: That is what he has told us....

Given that the district court had authorized Zedner to go to Israel for no more

---

than two weeks, this Court concluded that his remaining in Israel beyond his return deadline constituted a willful absence from the United States, in part because he "traveled [to Israel] without the means to return as required." *United States v. Zedner*, 555 F.3d 68, 78 (2d Cir.2008).

Zedner now urges us to reconsider the conclusion that his failure to return to the United States was willful, asserting that he did not travel to Israel without the means to return by his September 23, 2007 deadline because he had in fact purchased a round-trip ticket, valid until October 9, 2007. We are unpersuaded. The now-proffered ticket could have been presented in opposition to the government's motion to dismiss the appeal; it was not. Further, acknowledgement by Zedner of his possession of such a ticket would have undermined his principal argument in opposition to that motion. Zedner, who from Israel told his trial counsel in September 2007 that he was having trouble obtaining a United States passport, argued that he had been informed that a passport would be granted if he presented a valid airline ticket for the United States, but he could not afford to purchase such a ticket. Nothing explains why the round-trip ticket that Zedner now proffers to this Court, assuming that it is authentic, was not presented to the passport officials prior to October 9 in order for Zedner to return to the United States. We are unpersuaded that any revision of our conclusion of willfulness is warranted.

The petition for rehearing is denied.

Judge POOLER dissents.